CENTRAL OIL Co., et al. *v.* WALTERS, et ux.

No. 41178          May 25, 1959          112 So. 2d 243

*L. D. Pittman,* Raleigh, for appellants.

*O. O. Weathersby,* Raleigh, *and O. M. Oates,* Bay Springs, for appellees.

McGEHEE, C. J.

The appellees, Buel Walters and wife Virgie Walters, filed their bill of complaint in August 1957 alleging that they were the real, true, legal and equitable owners of the following described land in Smith County, Mississippi, to-wit: "SW¼ of NW¼ less the West 10 acres and the W½ of NW¼ of SW¼, all in Section 1, Township 1 North, Range 8 East, Smith County, Miss." The chancery court adjudged and decreed that the appellee Buel Walters "is the owner in fee simple of the SW¼ of NW¼ less the West 10 acres Section 1, Township 1 North, Range 8 East" in said County, and cancelled as clouds upon the title of the said Buel Walters "any in-

strument in conflict" with his interest in said land. The court further held that the appellees "have no interest in the oil, gas and other minerals in, on and under the W½ of NW¼ of SW¼" of said section, township and range, and dismissed the bill of complaint with prejudice insofar as the minerals on the said 20 acre tract of land are concerned.

The bill of complaint filed by the appellees sets forth the deraignment of their alleged title in which there is contained an allegation that "complainants show that the lands above described were granted by the United States Government to Janes J. Knighton on December 1, 1881, as shown in Certified Tract Book, page 55, Chancery Clerk's Office, Smith County, Mississippi."

The bill of complaint contains in substance the further allegation that the title to the land passed by mesne conveyances to the Rogers Lumber Manufacturing Company and that on November 17, 1906, the said company sold and conveyed the land to J. T. Ford, with the following reservation: "Reserves the oil, coal, and mineral rights on the above described land, also reserving all timber on said land with right of ingress and egress, etc."

The bill of complaint further alleges that the lands were sold to the State of Mississippi for the unpaid taxes thereon for the year 1874, and that thereafter the State of Mississippi issued its forfeited tax land patent unto R. H. Walters, who was shown by the proof to be the father of the appellee Buel Walters; that the said R. H. Walters obtained his patent on May 30, 1914 for the said SW¼ of NW¼ of said section, township and range, and that the said patentee thereafter sold and conveyed this parcel of land to his son, the appellee Buel Walters.

No point seems to have been made in the trial court, and none is made here, of the fact that the land was not granted by the United States Government until December 1, 1881, nearly six years after the purported tax sale of 1875 was made to the State for the taxes alleged to

have been due on the land for the year 1874. Of course, if the title was not granted by the United States Government until 1881 the land was not subject to sale for taxes for the year 1874.

The record does not disclose that a patent, based upon the said certified tract book, was ever issued by the United States Government. It is essential that this fact be ascertained before we consider or decide the question as to whether or not there was a legal tax sale in 1875.

We pretermit the expression of any opinion as to the sufficiency of the proof as to the validity of the said tax sale, assuming that the land had been granted by the United States Government by patent to someone prior to 1874.

■■■ Since the point hereinbefore last mentioned was evidently not called to the attention of the trial court, and the chancellor therefore had no opportunity to pass on the question, we have concluded to reverse and remand the case for the development of whatever the true facts may be in the premises.

Reversed and remanded.

*Lee, Kyle, Arrington* and *Gillespie, JJ.*, concur.